IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 1:22-CR-9 |
| v. | ) |
| | ) The Honorable Anthony J. Trenga |
| KEITH VINCENT LEMONS, | ) |
| | ) Sentencing: March 15, 2023 |
| *Defendant.* | ) |
| | ) |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The defendant, Keith Vincent Lemons, comes before the Court for sentencing after pleading guilty pre-indictment to one count of conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349. The United States has no objection to the Probation Officer's calculations of the defendant's Sentencing Guidelines, as set forth in the Presentence Investigation Report ("PSR"), Dkt. No. 48. PSR ¶¶ 107–108.

Further, the United States agrees that the defendant has assisted authorities in the prosecution of his own misconduct by timely notifying the United States of his intention to enter a plea of guilty, thereby allowing the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The Probation Officer has already accounted for the defendant's acceptance of responsibility. PSR ¶¶ 62–63.

For the reasons stated herein, the United States recommends a sentence at the low end of the Guidelines range.

**BACKGROUND**

From October 2015 through approximately October 2016, the defendant conspired with Adiam Berhane, Co-Conspirator 1 ("CC-1"), and Tiffany Younger to carry out a fraud scheme involving the use of stolen credit card information to purchase consumer goods and gift cards.

PSR ¶ 24. Berhane would obtain stolen payment card information from various internet sources, which she and CC-1 then used to produce fraudulent payment cards on device-making equipment at their joint residence. PSR ¶ 46. To assist in their scheme, Berhane recruited the defendant and Younger to also make fraudulent purchases and returns with stolen payment card information, for which Berhane paid them a portion of the profit, PSR ¶ 46, or otherwise allowed Lemons to use stolen cards for his own benefit, *see, e.g.*, PSR ¶ 37. Berhane directed Lemons on where to make purchases and seek refunds. *See, e.g.*, PSR ¶ 38. After usage, the cards would be returned to Berhane, where they would be discarded or shredded.

On January 13, 2022, the defendant pleaded guilty pre-indictment to conspiracy to commit bank fraud. PSR ¶ 2. The defendant is set to be sentenced on March 15, 2023.

## ARGUMENT

I.   **Applicable Law**

The Court consults both the Sentencing Guidelines and the sentencing factors in 18 U.S.C. § 3553(a) to determine a defendant's appropriate sentence. Although the Sentencing Guidelines are advisory, district courts are required to "consult those Guidelines and take them into account when sentencing." *United States v. Booker*, 543 U.S. 220, 264 (2005). Under the required procedures, a "district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

Section 3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Paragraph 2 lists four purposes for a sentence: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate

deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). In addition to the purposes of sentencing listed in Section 3553(a)(2), a sentencing court must also consider: (1) the nature of the offense and the defendant's history and characteristics; (2) the kinds of sentences legally available; (3) the advisory sentencing range provided by the Sentencing Guidelines; (4) any relevant policy statement issued by the Sentencing Commission; (5) the need to avoid unwarranted sentence disparities; and (6) the need for restitution. 18 U.S.C. § 3553(a).

## II. Sentencing Guidelines

In accordance with § 6A1.2 of the Guidelines and Policy Statements and this Court's policy regarding Guidelines sentencing, the United States has reviewed the Probation Office's PSR prepared in this matter. The Probation Office has correctly calculated the defendant's Guidelines range to be 41 to 51 months, based on a total offense level of 20 and a Criminal History Category of III. PSR ¶¶ 107-108.

The government concurs with the Probation Officer's application of the two-level reduction for acceptance of responsibility under § 3E1.1(a), PSR ¶ 62, and in accordance with the plea agreement, hereby moves for the additional one-point reduction under § 3E1.1(b), PSR ¶¶ 6, 63. The government also agrees that the defendant was a minor participant and that a two-level reduction pursuant to Section 3B1.2(b) is warranted. PSR ¶ 58.

## III. Section 3553(a) Factors

The nature and circumstances of the offense, the seriousness of the offense, the need to afford adequate deterrence to criminal conduct and protect the public from further crimes of the

3

defendant, and the history and characteristics of the defendant support the government's recommended low-end Guidelines sentence.

The nature and circumstances of this offense warrant a Guidelines sentence. This was a very serious crime. The defendant's fraudulent activity was directed and coordinated by others and sustained over at least a one-year period. As a participant in the conspiracy, the defendant used a large number of fraudulently obtained credit cards to defraud banks and their customers. This conspiracy, over the multiple years it ran, racked up hundreds of thousands of dollars in documented losses. Although the defendant was an active participant, he was a minor one compared to Adiam Berhane, who led the conspiracy for multiple years, directed the defendant's activities, and provided the credit cards he used. PSR ¶¶ 46-47. He was, at least in part, involved to make ends meet. *See, e.g.*, PSR ¶¶ 37, 47, 100-102. He was also involved in the conspiracy for a shorter period of time, and completed fewer transactions than, Tiffany Younger. PSR ¶ 47. A Guidelines sentence would reflect his relative role in the scheme, properly highlights the seriousness of the offense of conviction, affords adequate deterrence to future criminal conduct by this defendant and others, and would protect the public from further crimes of the defendant.

The history and characteristics of the defendant also warrant a Guidelines sentence. At the time of sentencing, the defendant will be 57 years old. PSR at 3. Among other significant difficulties growing up, he lost his mother when he was nine years old and his family struggled financially after her death. PSR ¶¶ 88-90. Since at least 2012 he has had gainful employment, albeit at a modest wage. PSR ¶¶ 100-102. While the defendant has an extensive criminal history that involves prior fraudulent activity of a similar nature, *see, e.g.*, PSR ¶¶ 69-75, his convictions are dated. The most recent offense before the instant case was from 2006. PSR ¶ 75. He quickly accepted responsibility in this case and has shown contrition for his actions.

4

IV.     **Restitution and Forfeiture**

The Court should also enter a restitution order for the full amount of the losses to victims during the time that the defendant participated in the conspiracy, which is $97,701.66. PSR ¶ 7. Although the defendant agreed in his plea agreement to a money judgment forfeiture for the losses accounted for during the entire conspiracy, the United States has determined under *Honeycutt v. United States*, 581 U.S. 443 (2017) that the defendant was an incidental figure who obtained limited proceeds from the offense and therefore the United States can only seek the amounts he personally obtained or controlled. However, given the complex nature of the scheme here, the United States has been unable to figure out with any precision what the defendant personally obtained, and so is not seeking the money judgment that it is nevertheless entitled to seek under the plea agreement.

## **CONCLUSION**

For the reasons stated herein, as well as those set forth in the government's sealed memorandum that will be filed forthwith, the United States submits that a sentence at the low end of the Guidelines is sufficient but not greater than necessary to satisfy the sentencing factors in 18 U.S.C. § 3553(a).

Respectfully Submitted,

Jessica D. Aber
United States Attorney

By:  _____/s/_____
Jonathan S. Keim
Bibeane Metsch
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Email: bibeane.metsch@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to all counsel of record.

I further certify that on March 8, 2023, I sent a copy of the foregoing via electronic mail to counsel of record and the U.S. Probation Officer assigned to this matter:

    Rachael E. Meyer
    United States Probation Office
    Email: Rachael_Meyer@vaep.uscourts.gov

                      By:        /s/
                              Bibeane Metsch
                              Assistant United States Attorney
                              United States Attorney's Office
                              2100 Jamieson Avenue
                              Alexandria, Virginia 22314
                              Phone: (703) 299-3700
                              Fax: (703) 299-3981
                              Email: bibeane.metsch@usdoj.gov