IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No: 1:22cr9 |
| ) | The Honorable Anthony J. Trenga |
| KEITH VINCENT LEMONS, ) | |
|     Defendants. ) | |

**DEFENDANT'S POSITION WITH RESPECT TO SENTENCING**

Comes Now the defendant, Keith Vincent Lemons, by and through undersigned counsel, pursuant to 18 U.S.C. §3553(a) and §6A1.3 of the United States Sentencing Guidelines (hereinafter U.S.S.G.), and submits the following Position with Respect to Sentencing. In accordance with U.S.S.G. §6A1.2 Counsel certifies that he reviewed the Presentence Investigation Report (hereinafter PSR) with Mr. Lemons. Further, Mr. Lemons agrees that the Guidelines are calculated correctly with a Total Offense Level of 20, Criminal History Category III, and corresponding guideline range of 41 to 51 months.

However, this sentencing range fails to adequately address certain specific characteristics of Mr. Lemons and is not an appropriate measure of his culpability in the present case. Based on the considerations set forth in 18 U.S.C. §3553(a), Mr. Lemons requests that this Court impose a sentence of home confinement followed by a five-year term of supervised release. This sentence is sufficient, but not greater than necessary, to address these considerations.

**I.**    **Considerations Under §3553(a)**

It is well settled that the Sentencing Guidelines are advisory following the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738, 757 (2005). While Federal Courts must still consider the defendant's sentencing exposure under the guidelines, the court is now free to "tailor the sentence in light of other statutory concerns". *Booker*, at 764-65; see also

*United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005) (the court shall consider the sentencing guidelines range as well as other relevant factors set forth in 18 U.S.C. §3553(a) before imposing sentence). As a result, this Court may consider permissible statutory factors such as: the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from future crimes of the defendant, and to provide the defendant with reasonable rehabilitative opportunities; the kinds of sentences available; the guideline range; the need to avoid unwanted sentencing disparities; and the need for restitution. Upon consideration of these factors, a sentencing court may find that a case falls outside the "heartland" contemplated by the guidelines, that "the guidelines sentence itself fails properly to reflect the §3553(a) considerations", or that "the case warrants a different sentence regardless." *Rita v. United States*, 551 U.S. 338, 345-46 (2007). Under recent decisions of the United States Supreme Court, *see e.g., Gall v. United States, 552 U.S. 38 (2007); Kimbrough v. United States, 552 U.S. 85 (2007)*; and the United States Court of Appeals for the Fourth Circuit, *see e.g., United States v. Pauley, 511 F.3d 468 (4th Cir. 2007)*; other considerations exist that demand a lower sentence than that suggested by the Sentencing Guidelines. Therefore, if this Court considers Mr. Lemon's offense in the context of these factors, it is appropriate to impose a sentence of home confinement followed by a five-year term of supervised release.

**A.** **Nature and Circumstances of the Offense**

The instant conspiracy began in approximately May of 2013 and continued until October 2016 when law enforcement searched the residence of Berhane, the leader of the conspiracy. The investigation revealed that hundreds of thousands of dollars worth of fraudulently obtained

gift cards were redeemed through Caffe Aficionado. Large amounts of fraudulent credit card transactions were also processed through the café. As the government describes in its Position with Respect to Sentencing, Mr. Lemons' involvement in the conspiracy lasted approximately one year, during which time he was directed by others to make fraudulent purchases and returns using credit cards made by Clark Donat with fraudulent credit card information obtained by Berhane and Donat. Mr. Lemons became involved in the conspiracy because he was having trouble making ends meet. At the time he was making approximately $8 per hour. The government also observed that Mr. Lemons was involved in the conspiracy for a shorter period of time and completed fewer transactions than Tiffany Younger.

**B.     History and Characteristics of the Defendant**

Mr. Lemons is 56 years old. He was raised in D.C. by his mother and father. His mother passed away suddenly when he was 9 years old and his father grieved for the following year, drinking heavily and not working. After his father returned to work, all of Mr. Lemons needs were met and he had a good relationship with his family. However, Mr. Lemons reported to his family that when he was 5 years old he was the victim of abuse. Mr. Lemons remains close with his siblings and resides with his niece and her two children. His niece, who he considers more like a daughter, has lived with him since she was in middle school.

Mr. Lemons has struggled with obtaining meaningful employment throughout his adult life. While it is not a justification for committing fraud, Mr. Lemons has worked mostly minimum wage jobs. Even after gaining employment at Bread for the City, in 2012, he continued to struggle financially and eventually engaged in the instant offense conduct. However, in April of 2021, Mr. Lemons' was promoted to Food Inventory and Fleet Manager and began earning

$58,500 per year. This is $20,000 more than he made in 2015. In February 2021, Mr. Lemons' got a second job working at Lovecraft as a sales associate.

Bread for the City is a local community outreach organization that provides food, clothing, medical care, legal and social services to the DC residents living with low income. As the food inventory and fleet manager, Mr. Lemons' facilitates the delivery of food to various events including two monthly farmers markets, a distribution site, and deliveries to seniors. He also manages two food pantries that service nearly 11,000 clients monthly.

**C.    Equity, Fairness, and Deterrence**

A sentence of home confinement followed by a five-year term of supervised release would sufficiently reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes. The current offence conduct ended over six years ago and since that time, Mr. Lemons has demonstrated that he is no longer a risk to reoffend. This accomplishment is noteworthy because he was not on supervision until he was arrested for the instant offense on November 19, 2021. Mr. Lemon's dedication to leave behind his criminal history is confirmed by his positive adjustment to pretrial supervision for 16 months. Mr. Lemons has not used drugs since he tried marijuana once when he was 18. He has not used alcohol since he was 23 years old. Mr. Lemons also achieved financial stability while also serving the community. A sentence of home confinement with the maximum term of supervised release would allow Mr. Lemons to maintain his employment while also serving the community.

**D.    The Guideline Range / The Need to Avoid Sentencing Disparities**

A sentence of home confinement followed by a five-year term of supervised release adequately reflects the guideline range and avoids unwarranted sentencing disparities.

Mr. Lemons is 56 years old. While he does have a lengthy criminal history that results in a Criminal History Category III, it occurred during his twenties and thirties. Mr. Lemon's received 3 criminal history points each for an uttering conviction in 1999 and an access device fraud conviction in 2006 which was his last conviction prior to the instant offense. Due to the age of the prior convictions, a variant sentence is appropriate.

Section 4A1.3(b)(1) of the Guidelines suggests that a downward departure may be appropriate where the defendant's criminal history substantially over represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes. Application Note 3 explains that a departure may be appropriate if for example a defendant had two minor misdemeanor convictions close to ten years prior to the instant offense.

While Mr. Lemons' prior convictions were felonies and a departure may not be justified, a variant sentence is appropriate because of the length of time between his prior convictions and the instant offense. Mr. Lemons' criminal history score also overrepresents the likelihood that he will commit other crimes because he has not re-offended since the instant conspiracy ended in October 2016.

## II. **Conclusion**

For the foregoing reasons, Mr. Lemons respectfully requests that this Court impose a sentence of home confinement followed by a five-year term of supervised release. This sentence is sufficient, but not greater than necessary to account for Mr. Lemons' minor role in the offense, his good behavior for the almost 7 years since the end of the offense, and the age of his criminal history. However most importantly, this sentence will allow Mr. Lemons to maintain his employment while also serving the community.

Filed: March 10, 2023.

                                            Respectfully submitted,

By: */s/ Andrew M. Stewart* .
ANDREW M. STEWART, ESQ.
Virginia State Bar No. 68683
Attorney for the Defendant
2111 Wilson Boulevard, 8th Floor
Arlington, VA 22201
Phone: 703-248-0626
Fax: 703-248-8971
andrew.m.stewart.esq@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of March, 2023, I electronically filed the foregoing motion with the clerk of the court using the CM/ECF system, which will send an electronic copy to the following:

Bineane Metsch

and

Jonathan Keim

Assistant United States Attorneys
U.S. Attorney's Office, Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: 703-299-3700

By: */s/ Andrew M. Stewart* .
ANDREW M. STEWART, ESQ.
Virginia State Bar No. 68683
Attorney for the Defendant
2111 Wilson Boulevard, 8th Floor
Arlington, VA 22201
Phone: 703-248-0626
Fax: 703-248-8971
andrew.m.stewart.esq@gmail.com